BOOSEY et al. v. EMPIRE MUSIC CO., Inc.

(District Court, S. D. New York. February 11, 1915.)

1. COPYRIGHTS ⬡⟾66—INFRINGEMENT—MUSICAL COMPOSITIONS.
Though otherwise the musical compositions are considerably different in theme and execution, it is enough to warrant the charge of piracy and infringement of copyright that the words "I hear you calling me," with practically identical music accompanying them, appear in the two songs, and are the main thing that impresses one technically untutored.
[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. ⬡⟾66.]

2. COPYRIGHTS ⬡⟾85—TEMPORARY INJUNCTION—SUSPENSION.
Temporary injunction in a suit for infringement of copyright of a song will be suspended, on defendant giving a bond and filing statements of sales, where sale of defendant's composition cannot interfere with sale of plaintiffs' composition, because of the inherent difference, generally speaking, of the tastes to which they appeal; but the case involves solely the rights under the statute.
[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. ⬡⟾85.]

In Equity. Suit by Charles T. Boosey and another against the Empire Music Company, Incorporated. Temporary injunction granted, with conditional suspension.

Max D. Josephson, of New York City, for plaintiffs.
Nathan Burkan, of New York City, for defendant.

MAYER, District Judge. [1] Plaintiffs claim that a musical composition entitled "I Hear You Calling Me" is infringed by defendant, which is selling another musical composition, entitled "Tennessee, I I Hear You Calling Me." I think the plaintiffs, for the purposes of this motion, have met the objections raised by defendant as to the necessary showing of jurisdictional facts. The question, therefore, is

whether, on the merits, a preliminary injunction should issue because of the alleged infringement.

The composition which plaintiffs own is of a dignified character, has been sung by a distinguished singer, and has as its basic theme a living person standing on the grave of his dead loved one and hearing her voice. The composition owned by defendant is in syncopated time (familiarly known as ragtime), has been sung by a master of that art, and expresses the desire of a negro to go back to his old home in Tennessee. The two compositions are considerably different, both in theme and execution, except as to this phrase, "I hear you calling me," and, as to that, there is a marked similarity.

The words "I hear you calling me," and the music accompanying those words, are practically identical in both compositions, and the real controversy in the case is whether the use of this similar phraseology and the similar bars of music is sufficient to warrant the charge of piracy and infringement of copyright. I have had some one, indifferent to the controversy, play both songs for me, and the sentiment of one song is about the same as the other. Sitting for the moment as the uninformed and technically untutored public, the main thing that impressed me was the plaintive "I hear you calling me" in both songs. I (the public) really was not much concerned as to the details of the solemn song said to have been sung by John McCormack, or the details of the syncopated interpretation of Al. Jolson. The "I hear you calling me" has the kind of sentiment in both cases that causes the audiences to listen, applaud, and buy copies in the corridor on the way out of the theater.

[2] However, these cases must be viewed and dealt with from a practical standpoint. Songs of this character usually have a temporary vogue, and, if the sale is stopped just at the time that the public is keen, serious injury may be done, even though a plaintiff gives a bond or undertaking to respond. On the other hand, the financial showing of the defendant here, so far as disclosed by the papers, is not satisfactory, and, should plaintiffs ultimately prevail, they may have their labor for their pains. A further consideration is that the sale of defendant's composition cannot interfere with the sale of plaintiffs' composition by virtue of the inherent difference, generally speaking, of the tastes to which they appeal; and therefore the case is not one where plaintiffs' commercial exploitation of their composition is interfered with, but one which involves solely the rights under the statute.

Under all these circumstances, I have concluded that the fair course to pursue is as follows: The motion will be granted, but injunction will be suspended, provided defendant files in the office of the clerk, five days after the entry of the order herein, a bond pending final hearing, or appeal from this order, in the sum of $3,000; also a full statement of the sales made by it up to the date of the entry of the order, and thereafter file upon the 15th and 1st days of each month a statement of succeeding sales. In justice to both sides, the cause will be advanced to the March calendar for trial.

Motion granted as indicated, with leave to move after March 1, 1915, to increase the bond, if plaintiffs are so advised.